## NEW YORK SUPERIOR COURT

### ISAAC W. EDSALL agt. JAMES BROOKS, and others.

In an action for *libel*, the defendants are not legally chargeable with *malice*, by reason of their sub-editor or employee refusing to publish a retraction or explanation of the libellous article.

*General Term, June,* 1866.

*Before* MONCRIEF, BARBOUR *and* GARVIN, *Justices.*

APPEAL taken by the defendants from the judgment entered against them on the verdict of the jury rendered in favor of the plaintiff, at the second trial of the case.

*By the court,* BARBOUR, J. As no evidence was given upon the trial of this action, showing that the defendants directed the publication in their newspaper of the alleged libelous matter complained of, or even knew of its insertion, no malice could have been imputed to them beyond that which the law implies from the fact that they were the proprietors of such paper, and had the power to withhold the publica-

tion.   No actual malice was proven against them, and of course, the plaintiff would have been entitled to such judgment only, if any, against the defendants, as the evidence would have warranted under that state of facts.

The testimony of Mr. Manning, touching the declarations of Hopkins, the city editor of the defendants' newspaper, and his refusal to publish a retraction or explanation of the libelous article, must have been offered for the purpose of inducing the jury to believe that the city editor and employee of the defendants, was actuated by malicious motives, not only in refusing to insert the explanation in the paper, but in publishing the libelous article originally; and that the defendants were legally chargeable therewith, in the same manner as if they had themselves refused.

The admission of this testimony, we think was improper. The object of the plaintiff's counsel in offering the evidence, must have been to enhance damages against the defendants, because of the malice which the jury would naturally infer from the refusal of the editor, who was under the defendants' control, and for whose wrong in publishing they were legally responsible, to right and wrong; and the evidence, it may fairly be presumed, produced the effect upon the minds of the jurors which the plaintiff designed, and increased the damages awarded.   Had the defendants themselves refused to make a retraction, when convinced of the wrong that had been done to the plaintiff, the jury probably might legitimately have arrived at the conclusion that they were chargeable with actual malice, in permitting the publication to be made, as it would have tended to prove a general design to wrong the plaintiff.   But the refusal of their employee to insert the retraction, did not tend to prove their *animus* to have been malicious.   Indeed, there is no reason for supposing that the defendants, would not have published it, had they been personally requested to do so.

Without considering any further points presented upon the argument of the appeal, we are of opinion that for this reason the judgment should be reversed and a new trial granted, with costs.